IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TENNESSEE

MARGARET BOAZ,

    Plaintiff,

v.                                          Civil Action No.: 2:09-cv-02232-dkv

FEDERAL EXPRESS CORPORATION d/b/a
FEDEX EXPRESS and
FEDEX CUSTOMER INFORMATION SERVICES, INC.,

    Defendants.

**DEFENDANTS' PROPOSED FINDINGS OF FACT AND SUPPLEMENTAL PROPOSED CONCLUSIONS OF LAW**

Defendants, Federal Express Corporation d/b/a FedEx Express and FedEx Customer Information Services, Inc. (hereinafter collectively "FedEx") by and through counsel, submit the following post-trial proposed findings of fact and conclusions of law.

I.    **Introduction**

The non-jury trial of this matter was held beginning on March 2, 2015 and continued on March 23, 2015 through March 25, 2015. During closing arguments, the Court asked a number of questions of counsel for the parties. Although counsel for FedEx responded fully to the Court's questions at that time, it now submits the following proposed findings of fact to provide the Court with the citations to the transcript which support those responses as well as the applicable legal standards. FedEx's submission is not intended to address all facts in this case, but instead to provide record citations for the responses counsel gave the Court in response to

specific questions.  FedEx also incorporates by reference the Proposed Conclusions of Law it provided to the Court prior the beginning of trial.

   II.   **Proposed Findings of Fact and Conclusions of Law**

   i.   **Equal Pay Act - FedEx Met its Burden of Proving that any Wage Differential was Based upon a "Factor Other Than Sex" and, Therefore, Cannot be Held Liable.**

If this Court finds that Boaz stated a *prima facie* case, FedEx should still prevail because it showed by a preponderance of the evidence that any pay differential between Boaz and Terrell was based upon a factor other than her sex. This is an affirmative defense under the Equal Pay Act. *See, e.g., Beck-Wilson v. Principi*, 441 F.3d 353, 360 (6th Cir. 2006).  The Sixth Circuit has examined the boundaries of the "factor other than sex" defense and concluded that it includes factors which, at a minimum, were adopted for a legitimate business reason. *Id.* at 365.

The Equal Pay Act's statute of limitations will not allow Boaz to recover for any alleged violation which occurred prior to April 17, 2007.[1]  Therefore, this Court does not need to make a finding as to whether any of FedEx's actions prior to this date violated the EPA.  Rather, the Court need only decide whether FedEx had a legitimate business reason other than sex for paying Boaz less than a Grade 27 rate from the period of April 17, 2007 through June 1, 2008 – the date Boaz stopped performing the duties she claims she took over from Jim Terrell.  In making this determination, the Court does not substitute its judgment for FedEx's business judgment.  Instead, the Court need only determine whether FedEx's reasons were legitimate business reasons based upon any factor other than Boaz's gender.

---

[1] Boaz has provided no evidence that FedEx's decision to pay her as a Grade 23 QA Systems & Support Analyst rather than as a Grade 27 PMA was a willful violation of the EPA.  Therefore, she is not entitled to the three year statute of limitations.  For the same reasoning, Boaz is not entitled to liquidated damages.

At the trial of this matter, FedEx provided proof of the following facts:

1. FedEx Express underwent a reorganization known as "I-Service" that included a reduction in force and several layers of staffing review. *See generally*, Direct Examination of Janice Avery Walthall, Tr. Trp. 487:13; and Direct Examination of Denyce Burns.

2. The reduction in force portion of the reorganization took place in late 2003 and early 2004. 490:16-21. 3600 employees left FedEx Express through the reduction in force. Tr. Trp. 491:18-22.

3. Grade 27 Project Management Advisor Jim Terrell left FedEx Express in January 2004 as part of that reduction in force.

4. Terrell was performing a function known as the print vendor liaison or print vendor management function.

5. Through the I-Service reorganization, a new Quality Performance Management department was created which would be managed by Denyce Burns. Tr. Trp. 589:18-22; 590:3-592:8.

6. Plaintiff, Margaret Boaz was moved to this department and Burns was notified that the print vendor management function Terrell was performing would now be performed by her new department. TR. Trp. 593:1-20

7. Margaret Boaz shadowed Jim Terrell in December 2003 and January 2004 to learn the print vendor management function. Tr. Trp. 593:13-594:13

8. When Terrell left FedEx Express at the end of January 2004, Boaz began performing the duties he had previously performed related to the print vendor management function.

9. At the time Boaz first began performing the duties Terrell left behind, she was classified as a non-exempt Grade 07.

10. Burns knew at that time that her department would be made up of only exempt level employees and that her current non-exempt employees would be allowed to apply for exempt level positions which would post in early 2004. Tr. Trp. 591:10-492:15; 595:7-20

11. During this period of time, and continuing into 2005, Janice Avery Walthall and the Compensation department worked with managers within the Customer Service organization to determine what functions were being performed in the departments and to assign the correct jobs to perform those functions. This was Phase Three of the I-Service reorganization. Tr. Trp. 500:18-508:1; 580:21-581:4; 563:21-23.

12. The exempt level positions that were initially posted for Burns' new department were Grade 26 positions.

13. Boaz was among the employees in Burns' department who applied for these open positions.

14. Boaz was awarded the position, but it was rescinded in June 2004 after HR Representative, Janie Mennis, and Compensation Advisor, Janice-Avery Walthall, discovered that the wrong positions had been posted to Burns' department and that Boaz could not meet the minimum requirements of a Grade 26 position. *See, e.g.,* Tr. Trp. 441:3-442:24; Trial Exhibit 54

15. Walthall then discussed with Burns the duties Boaz was performing at that time to determine what the appropriate position was to be posted to the department. Tr. Trp. 517:8-520:4; 521:25-523:19; 500:18-508:1; 580:21-581:4; 563:21-23; 600:18-601:18

16. While this review was ongoing, FedEx placed Boaz in a Grade 25 position, beginning in December 2004. *See, e.g.*, Tr. Trp. 410:6-23;

17. In early 2005, as part of Phase Three of I-Service, Walthall conducted a closer review of the functions being performed by all employees in Burns' department and determined that Boaz's duties more closely fit the description of a Grade 23 QA Systems and Support Analyst. Tr. Trp. 500:18-508:1; 580:21-581:4; 563:21-23; 517:8-520:4; 521:25-523:19; 600:18-601:18.

18. Walthall believed that Boaz was appropriately classified as a Grade 23 QA Systems and Support Analyst because her primary duties were to coordinate between FedEx's print and archive vendors and various FedEx departments and to provide support and subject matter expertise to other large-scale projects being managed by Grade 27 PMA's. Tr. Trp. 536:15-542:3; 626:16-627:15.

19. These duties closely mirrored those set forth in the job description of the Grade 23 QA Systems and Support Analyst position. Tr. Trp. 536:15-542:3.

20. The duties did not match those set forth in the job description of the Grade 27 Project Management Advisor position, which required the employee to manage multiple complex projects that included regular reporting to executives, financial reporting, managing objectives, and directing support personnel. Tr. Trp. 523:9-524:11; 525:9-527:19; 529:14-535:19.

21. On May 19, 2005, therefore, Boaz was placed in a Grade 23 QA Systems and Support Analyst position. She maintained the same salary of $4180.00 that she had been receiving as a Grade 25 since December 2004. Tr. Trp 242:25-243:12; Trial Exh. 28

22. Boaz remained in this position and continued to receive pay increases until she ceased performing the print vendor management duties in June 2008.  *See, e.g.*, Tr. Trp. 207:17-208:11; 351:3-9.

23. When she ceased performing the duties she took over from Terrell, Boaz transferred them to Margaret Williams, a Grade 27 PMA who took them on as part of the other duties she was performing.  Tr. Trp. 616:24-617:9.

24. Boaz filed her lawsuit on April 17, 2009.  [Doc. #1].

FedEx demonstrated at trial by a preponderance of the evidence that Boaz was not paid as a Grade 27 PMA for three reasons: (1) through the I-Service reorganization, FedEx Express reduced its staff, reorganized its departments, and reassigned duties to other positions, including those previously performed by Grade 27 PMA Jim Terrell; (2) FedEx reviewed the duties Boaz was performing against its gender-neutral job descriptions and determined both that they did not meet the requirements of a Grade 27 PMA and that they closely fit the requirements of a Grade 23 QA Systems and Support Analyst; and (3) Boaz did not meet the education and experience requirements of a Grade 27 PMA.

These are all legitimate business reasons not based on gender in any way and, therefore, meet the requirements of the "factor other than sex" affirmative defense.  *See, e.g., Corning Glass Works v. Brennan*, 417 U.S. 188 (1974) (Congress intended that wage differentials based upon "bona fide job evaluation plans would be outside the purview of the Act"); *Patkus v. Sangamon-Cass Consortium*, 769 F.2d 1251, 1261-1262 (7th Cir.  1985) ("We view the right of an employer to change and revise the job-evaluation and pay system in use as falling within this area of congressional concern. ***The effect of a contrary holding here would be to force employers either to forego legitimate organizational planning or to hire only someone of the***

*same sex whenever an employee left a job . . .*"); *Kouba v. Allstate Insurance Company*, 691 F.2d 873 (9th Cir. 1982) (A proper job reclassification within the framework of a position and pay classification system qualifies under the 'factor other than sex' defense.); *Little v. Cobb County*, 2006 U.S. Dist. LEXIS 18202 (N.D. GA 2006) (finding that a bona fide pay classification system applied in a neutral manner was a permissible 'factor other than sex'); *Welde v. Tetley, Inc.,* 864 F.Supp 440, 457 (M.D. Pa 1994) (finding that neutral classification system evaluated a position without regard to the person filling it was "clearly gender-neutral").

Even if this Court disagrees with FedEx's assessment of whether Boaz's duties met the requirements for a Grade 27 PMA position, FedEx still cannot be held liable unless its pay classification system was applied in a manner which indicates a gender-bias. *See County of Washington v. Gunther*, 452 U.S. 161, 171, (1981) (Explaining that the Equal Pay Act does not authorize a court to substitute its judgment for the judgment of an employer with regard to a bona fide personnel program, so long as it does not discriminate on the basis of sex.) "Th[e] court's job in an Equal Pay Act case is not to substitute its judgment for the employer's judgment." *Hatton v. University of Tennessee*, 780 F. Supp. 1157 (W.D. TN 1991).

FedEx carried both its burden of persuasion and production on this affirmative defense. Therefore, it is absolved of liability as a matter of law. *Timmer v. Michigan DOC*, 104 F.3d 833, 843 (6th Cir. Mich. 1997) citing *Mulhall v. Advance Sec., Inc*., 19 F.3d 586, 591 (11th Cir.), cert. denied, 115 S. Ct. 298, 130 L. Ed. 2d 212 (1994).

## ii.  Boaz Offered No Proof of Pretext

Because FedEx proved its affirmative defense, Boaz has a burden of production to demonstrate that FedEx's reasons for the pay differential were pretextual. *Balmer v. HCA, Inc.,*

423 F.3d 606, 613 (6th Cir. 2005).  In closing arguments, counsel for Boaz did not point to any evidence of pretext.  Therefore, Boaz has not carried her burden and FedEx cannot be held liable.

      b. **Fair Labor Standards Act**

This Court has already ruled that Boaz provided no evidence of willfulness as to her FLSA claim for unpaid overtime, therefore, she is only entitled to the two-year statute of limitations of April 17, 2007.  FedEx has shown that she was properly classified as an exempt employee during this entire period, therefore, Boaz's claim for unpaid overtime must fail.

Boaz was classified as exempt under the administrative exemption of the FLSA.  29 C.F.R §541.200(a) sets forth the factors which must be met for this exemption.  The only one at issue in this case is the requirement that the employee's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance."  29 C.F.R. § 541.202 sets forth an explanation of this factor.  One of the requirements is that the employee be required to make independent decisions about policies and operating procedures.  29 C.F.R. § 541.203 provides a non-excusive list of examples of positions which meet the administrative exemption.  One of the examples is that of an executive assistant to a business owner who has been delegated decision-making authority over significant matters.  The independent decision-making authority Boaz was required to exercise over significant matters which directly impacted FedEx's invoicing and revenue stream meets these requirements.

FedEx has shown that the Grade 23 position Boaz held for the entire relevant time period was properly classified under the administrative exemption because she, among other things, was the subject matter expert for the print and archive vendors, had to make independent decisions about the management of her day-to-day responsibilities, had to make decisions about how to solve problems with issues such as file transfer failures, and had to set up her own operating

procedures for her duties.  S*ee, e.g.*, Tr. Trp. 425:8-17; 611:19-612:4.  She did not need her manager's approval or input to decide how to solve issues related to the print and archive vendors, and she did not need her manager's input into the performance of her role as a subject matter expert.  Additionally, Boaz testified to the following:

1. I would "coordinate the projects, products, and services that FedEx has purchased" [Tr.Trp. 95:12-95:22]
2. I would "[p]roblem solve and oversee file transfers if a file fails in transmission" [Tr.Trp. 98:3-98:9]
3. I would "research why a file failed, confirm the issue has been pinpointed and corrected, and contact RCCE (Revenue Command and Control) to confirm it is okay to resend the file through the system." [Tr.Trp. 99:10-98:24]
4. The "business manager, [Boaz] and the print vendor come together on a conference call to discuss the requests and put together a time schedule" [Tr.Trp. 100:4-100:8]
5. Boaz would then "act as a liaison between the two parties until the issue is resolved." It "could be an issue being resolved or this could be an implementation and, yes, that was my – that was my duty to be an implementation person." [Tr.Trp. 100:14-100:21]
6. "I was the print vendor lead on that (statement redesign) project" [Tr.Trp. 101:10-101:15]
7. Duties included "monitoring the CR (change request) log for any open issues logged against the archive vendor." I would then "resolve[] the issue in the totality or resolve[] [my] portion of the issue and reassigns it to the next affected area of FedEx" [Tr.Trp. 105:4-105:20]

8. "I was the implementation lead and also was in charge of [ensuring invoices went out on time and were correct]. I had – that was my responsibility to make sure that operationally everything in their world met with FedEx standards . . ." [Tr.Trp. 119:17-119:23]

9. The "duties [I was] performing required [me] to troubleshoot if there were problems with the file transfers to the print vendor." [Tr.Trp. 120:20-120:23]

10. "If the invoices aren't correct or go out late, [it] impacts FedEx's revenue stream" [Tr.Trp. 120:16-120:19]

Boaz had to exercise independent judgment about matters of significance in performing her duties as a Grade 23 QA Systems & Support Analyst and, therefore, was properly classified as an exempt employee under the administrative exemption of the FLSA. As a result, she cannot seek to recover unpaid overtime and her FLSA claim must fail.

Respectfully submitted,

 /s/ M. Kimberly Hodges

M. Kimberly Hodges (TN Bar #20809)
Senior Attorney
Federal Express Corporation
3620 Hacks Cross Road
Building B, Third Floor
Memphis, Tennessee  38125-8800
Telephone:  901-434-8217
Facsimile: 901-434-9279
kim.hodges@fedex.com

ATTORNEY FOR DEFENDANTS

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's ECF notification system this 13th day of April, 2015 on all counsel of record.

*/s/ M. Kimberly Hodges*